## JONASCH v. STANDARD GAS-LIGHT CO.

*(Superior Court of New York City, General Term.    January 7, 1889.)*

NEGLIGENCE—INJURY TO CHILD—INSTRUCTIONS. of 117 hy 64f

Defendant left its derrick standing on the street in a thickly populated portion of the city over Sunday. There was a conflict of evidence as to whether proper precautions had been taken to guard and fasten the derrick. Plaintiff, a boy about six years old, in charge of his brother, eleven years old, was with other boys playing near the derrick. Plaintiff sat down on the drum of a cylinder of the derrick, and another boy turned the wheel, crushing plaintiff's finger between the cogs. The court left it to the jury to say whether plaintiff was or was not *sui juris;* if he was, then whether he was guilty of contributory negligence, and whether his parents were guilty of contributory negligence. Also whether the derrick was, under all the circumstances, a dangerous machine, and likely to cause injury to children if left unguarded or unfastened; whether, as matter of fact, it was so left; and, if it was both dangerous to children and unguarded and unfastened, whether that, as matter of fact, constituted negligence. *Held* no error.

Action for personal injuries, brought by Alois Jonasch, an infant, etc., against the Standard Gas-Light Company of the city of New York. Plaintiff had a verdict for $1,500, and judgment was entered accordingly. Defendant appeals.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*J. W. Hawes,* for appellant.    *F. Kurzman,* for respondent.

FREEDMAN, J. This action was brought by the plaintiff, an infant, to recover damages for injury to his hand alleged to have been caused by defendant's negligence in leaving a derrick on the street unfastened and unguarded. At the time of the injury, which occurred on a Sunday, the plaintiff was about six years old. He and other boys had been playing in the street and in the vicinity of this derrick, and then the plaintiff sat down on the drum of a cylinder of the derrick to peel some peanuts. While in that position, and thus occupied, some boy turned the wheel of the derrick. The plaintiff, to save himself from falling, grasped instinctively for support, and in doing that his hand was caught in the cogs of the cog-wheels, and one of his fingers was crushed. The plaintiff, at the time, was in charge of his brother, who was 11 years old, and accustomed to have the care of the plaintiff on the street by direction of his parents. The trial judge left it to the jury to say whether the plaintiff was or was not *sui juris;* whether he was or was not guilty of contributory negligence in case he was *sui juris;* whether plaintiff's brother was or was not guilty of contributory negligence; and whether plaintiff's parents were or were not guilty of contributory negligence. The disposition thus made of these questions was, under all the circumstances appearing in evidence, and in view of the instructions given to the jury, as favorable to the defendant as the latter could expect. Perhaps it was even more so.

Upon the question of defendant's negligence the trial judge left it for the jury to say (1) whether the derrick, in the condition and place where it was, was, under all the circumstances, a dangerous machine, and likely to cause injury to children, if unguarded or unfastened; (2) whether, as matter of fact, it was left unguarded or unfastened, or both; and, (3) if it was both dangerous to children and unguarded or unfastened, whether that, as matter of fact, constituted negligence in the defendant. There was no error in this submission. There was evidence on behalf of the plaintiff that the derrick was left in a portion of the city that is quite thickly inhabited; that, as it was left, and bearing in mind the known curiosity and mischievousness of children, it was likely to cause injury to children unless guarded or fastened, and that at the time of the injury it was both unguarded and unfastened. The defendant, it is true, produced evidence to the contrary, and sufficient, if believed by the jury, to sustain a verdict in favor of the defendant, but the result of it was only to create a conflict which the jury had to determine. The case was there-

fore properly submitted to the jury as above stated.  Moreover the jury were expressly instructed to the effect that the defendant was not bound to keep a watchman there all the while; that if the derrick, as left, was a dangerous machine, the defendant was bound only to use some precaution to prevent children from injuring themselves; and that, if the wheel of the derrick was left fastened, the defendant was not bound to anticipate that any one would cut the fastenings, but in such case had a right to rely upon the strength of the rope, and had done all that the law required to be done, and therefore was entitled to a verdict.  The jury were also carefully instructed as to the burden of proof which was cast upon the plaintiff as to every proposition submitted. The instructions given to the jury, in their entirety, covered all that the defendant was entitled to, and the exceptions taken by the defendant to the refusals of the trial judge to charge differently are untenable.  Upon the whole case, no error appears in any of the rulings of the trial judge, nor any reason for disturbing the verdict of the jury; nor can it be maintained that the verdict was excessive.  The judgment and order should be affirmed, with costs.

All concur.