CORNELIUS KILPATRICK *v.* GRAND TRUNK RAILWAY Co.

January Term, 1900.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, START and WATSON, JJ.

Opinion filed March 12, 1900.

*Contributory negligence—Defendant's neglect of statutory duty*—The rule that contributory negligence will defeat recovery applies whether the negligence of the defendant lies in the disregard of a duty imposed by the common law or by statute.

*Same—3886 and 3887*—In an action under V. S. 3887, brought against a railroad company by one of its employees for injuries alleged to have resulted from the use on one of the company's cars of a side ladder, and of no other, in disregard of V. S. 3886, contributory negligence on the part of the plaintiff will defeat recovery.

*Decisions reviewed—Negligence of plaintiff remote*—The decisions in this State under similar or analogous statutes are consistent with the rule here applied. The cases in which it had been held that a plaintiff might recover, notwithstanding negligence on his part, may well be put upon the ground that the plaintiff's negligence was remote.

*When negligence is a question of law*—When the standard of negligence is not prescribed, the question of negligence becomes one of law if the facts and circumstances in evidence are so decisive, one way or the other, as to leave no room for reasonable doubt or opposing inferences.

*The case*—In this case the plaintiff, who was injured while attempting to board a moving freight train by means of a side ladder upon one of its cars, was, in view of the evidence reviewed in the opinion, guilty of contributory negligence, as matter of law, under the foregoing rule.

CASE to recover for injuries alleged to have been sustained by the plaintiff, by reason of the fact that one of the defendant's cars, with which the plaintiff had to do as an employee of the defendant, was equipped with side ladders. Plea, the general issue. Trial by jury, Orleans County, September Term, 1899, *Thompson*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

At the close of the evidence the defendant moved the court to direct a verdict in its favor. This motion was overruled.

The court instructed the jury that the effect of V. S. 3886 and 3887 was to exempt the plaintiff from the risks of his employment arising from the use of a ladder on the side of the car in question.

The court submitted the case to the jury with instructions to find a general verdict without reference to the question of contributory negligence.

A special verdict was taken on the question : " Did the negligence of the plaintiff contribute to the accident causing his injury?" To this question the jury answered, " No."

*Young & Young* and *E. A. Cook* for the plaintiff.

*C. A. Hight* and *L L. Hight* and *Chamberlin & Rich* for the defendant.

TAFT, C. J.   I. The injury to the plaintiff was caused by his attempting to board a moving freight train by means of a ladder placed upon the side of a car. V. S. sec. 3886 reads as follows,— " No railroad company shall run cars of its own with ladders or steps to the top of the same, on the sides of its cars, but said ladders or steps shall be on the ends or inside of the cars." Section 3887 provides that a railroad corporation, not complying with the requirements of sec. 3886, shall be liable for the damages and

injuries to  *  *  * employees on its roads, resulting from such neglect.  By force of the statute, the defendant is liable for any injury to one of its employees resulting from its neglect in not placing a ladder or steps upon the end or inside of the car.  The car in question was one belonging to the defendant, and it was its duty, which it failed to perform, to equip it as provided in the section referred to.    The plaintiff therefore is entitled to recover, unless barred by the fact that he assumed the obvious dangers of the risk, or, is chargeable with contributory negligence.

As we dispose of the case upon the question of contributory negligence we do not consider whether the plaintiff is barred from recovering by having assumed the obvious dangers of his employment.

The point in respect to the special finding is not insisted upon by the defendant.

II.    Did the Court err in ruling that the question of contributory negligence was not in the case ?

It is urged by the plaintiff that the case is analogous to one arising under V. S., sections 3871 and 3877 relating to cattle guards, which provide that a corporation owning or operating a railroad shall construct and maintain cattle guards at all farm and railroad crossings, and fences along the right of way sufficient to prevent cattle and animals from getting on the railroad, and making the corporation liable for the damages done by its agents or engines to cattle, horses or other animals thereon, if occasioned by want of such fences and cattle guards.

It was long since held under this statute that a railroad company was liable when a horse, which was killed, was an estray, and had escaped from the pasture through the negligence and carelessness of its owner.    There are several cases in the late volumes of the reports which hold the same doctrine.    These cases can well be put upon the ground that the negligence of the plaintiff, in permitting his animals to escape, stray away, and pass upon the railroad track, was remote and not proximate.    If the negligence of the plaintiff consisted in his negligently driving

cattle upon the track, at the time of the accident, it might well be claimed that such negligence was proximate, not remote, and that his neglect would bar a recovery.

When the negligence of the plaintiff did not occur at the time of the accident, but was prior thereto, and consisted in permitting his animals to stray away, it is not mutual with that of the defendant and was not one of the proximate causes of the accident, for in the use of the words " proximate cause", negligence occurring at the time the injury happened, is meant.

The case in principle is analogous to the one which formerly arose under the provisions of our early statutes, which enacted that " if any special damage shall happen to any person, his team, carriage or other property, by means of the insufficiency or want of repairs of any highway or bridge in any town, which such town is liable to keep in repair, the person sustaining such damage shall have the right to recover the same," etc. In these cases, it has been universally held that if the plaintiff is guilty of contributory negligence, as one of the proximate causes of the accident, if his negligence contributes to his injury to any extent, he is not entitled to recover. But in such highway cases, it was held that when the plaintiff's negligence consisted in taking a road constructed to avoid the dangerous place, which caused the accident, the plaintiff was not barred from a recovery for the reason that his negligence was remote, not proximate. *Templeton* v. *Montpelier*, 56 Vt. 328.

The question of proximate and remote cause arose in *Davis* v. *C. V. R. Co.*, 66 Vt. 290, in which the defendant was negligent in not forwarding grain in its elevators at Ogdensburg. The elevators burning without fault on the part of the forwarders, the defendant was adjudged not liable for that the fire was the proximate, and the delay to forward only the remote cause of the damage.

" That a person guilty of contributory negligence should not recover even when the injury arises from neglect to observe a statutory duty is not only reasonable but clear law, for in such a

case the plaintiff has failed to establish the proposition on which alone he is entitled to recover damages—that the injury happened through the defendant's negligence." Beven on Neg. (2nd ed.) 765.

To entitle the plaintiff to recover, the cause of the injury must be the negligence of the defendant and that only. He is entitled to no relief if the injuries resulted from negligence of his own combined with that of the defendant. The rule is the same whether the negligence is by the common law or statutory. The negligence of the statutory duty may involve the person guilty thereof in penalties, yet the law will not allow the injured person to recover because he himself contributes to the injury.

III. Should the question of contributory negligence have been submitted to the jury, or was it one of law? The rule with us is: "When the standard of negligence is not prescribed and there is a combination of facts and circumstances relied upon to show negligence, the question becomes one of law only when those facts and circumstances are so decisive one way or the other, as to leave no reasonable doubt about it,—no room for opposing inferences. This is clearly shown by the adjudged cases." *Worthington* v. *C. V. R. Co.*, 64 Vt. 107; *Magoon* v. *Railroad Co.*, 67 Vt. 177. Can it be said in this case that the facts and circumstances are so decisive as to leave no reasonable doubt about it,—no room for opposing inferences? The plaintiff attempted to climb upon a moving car in a train which was running faster, as he says, than he could run,—moving at the rate of eight or nine miles an hour. It was in the evening, dark, he had a lantern in his hand, and attempted to board the train by getting hold of the ladder and passing upon it to the top of the car. In his first attempt he failed, tried again, and was injured before he could pass up the ladder to the top of the car. There can be but one inference from the testimony in the case, and that is, that the plaintiff was guilty of negligence, in attempting, in the night time, with a lantern in his hand, to board a

freight train running as rapidly as he says this was,—that it must be held to be negligent for any person so to do.

The plaintiff being thus negligent, as matter of law, was not entitled to recover, and the ruling of the court, therefore, that the question of contributory negligence was not in the case was error.

*Judgment reversed and cause remanded.*