W. P. BIGGS, *as Administrator, etc., v.* THE CONSOLIDATED BARB WIRE COMPANY.

No. 11,803.   ( 63 Pac. 740.)

PERSONAL INJURY — *Contributory Negligence — Question for Jury.* Where a boy was killed by his clothes catching in an unprotected shaft exposed in a place where children were accustomed to play, whether the boy should have seen the projecting set-screw which caught his clothing, and have appreciated the danger, and whether the machinery was dangerous, and known to be such, because the place was frequented by children, and whether defendants were negligent in leaving it uncovered and unprotected, were questions for the jury.

Error from Douglas district court; SAMUEL A. RIGGS, judge. Opinion filed February 9, 1901. *In banc.* Reversed.

*R. E. Melvin*, for plaintiff in error.

*W. W. Nevison*, for defendant in error.

*Per Curiam:* This is the second coming of this case. When it was here before we held that the petition stated a cause of action, and the case was remanded for trial. (*Biggs v. Wire Co.*, 60 Kan. 217, 56 Pac. 4, 44 L. R. A. 655.)   At the trial, testimony was offered by the plaintiff which we think tended to sustain the

averments of the petition, but the court sustained a demurrer to the evidence and took the case from the jury. The testimony, although not full and satisfactory in some respects, tended to show that the place where the boy was killed was attractive to children, and that children actually did frequent it with the knowledge of defendant, and that the uncovered and unprotected shaft and appliance by which the boy was killed was dangerous. There was testimony, too, that the set-screw on the shaft which caught the boy's clothing only projected about two inches and could not easily be seen when the shaft was in motion ; that the velocity of the shaft at the time the boy was caught was from eighty to ninety revolutions per minute, and when revolving at that rate it appeared to some like a band around the shaft. It therefore appears that the case is substantially in the same condition that it was when it was here before. It was then held that the question of whether the boy was of sufficient intelligence, natural capacity, foresight and judgment to be guilty of contributory negligence was for the determination of the jury, and the same may be said with respect to whether the boy could and should have seen the projecting set-screw and have appreciated the danger of going near to the same. Whether the place was dangerous and known to be such, because it was attractive to and known to be frequented by children, and whether the defendant was guilty of negligence in leaving it uncovered and unprotected, are also jury questions. There appears to have been testimony tending to sustain the material averments of the petition, and, applying the views expressed when the case was here before, we must hold that error was committed in taking the case from the jury.

The judgment will be reversed and the cause remanded for another trial.