THE KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD
COMPANY v. JOHNNIE MATSON, *a Minor, etc.*
No. 13,394.   (75 Pac. 503.)

Error from Wyandotte district court; E. L. FISCHER,
judge.   Opinion filed February 6, 1904.   Affirmed.

*Pratt, Dana & Black,* and *L. F. Parker,* for plaintiff in error.
*Getty, Hutchings & Dean,* for defendant in error.

*Per Curiam:* Judgment was recovered against the railroad company for cutting off the foot of Johnnie Matson, a minor about five years old. It is claimed that the company was negligent in allowing a pile of logs, boards, timbers and wood to be placed and to remain in proximity to the railroad-tracks, which were laid in a thickly populated district called "the patch." This pile attracted the children of the neighborhood, who played upon it, with the knowledge of the railroad company. The ground in "the patch," which was close to the river, was of a loose, spongy character, and when heavy trains ran over the ground it was shaken, so that the children on the pile were liable to be shaken off. On a certain day Johnnie and some other children were playing on this pile, when a locomotive and a number of cars ran along the track close by, shaking the pile and causing the boy to fall under the train.

The principal question involved was raised on a demurrer to the evidence, and the court held that it was sufficient. There is testimony tending to show the dangerous location of the pile of wood; that the ground was susceptible to movement or jar from the passage of trains over it; that children had been allowed to play upon this pile of wood, with the knowledge of the railroad company, for a year or more. There was also testimony, somewhat circumstantial, it is true, from which the jury might fairly infer that the boy was shaken from the pile of wood by the passing of the train, and that he was not hurt, as the company contended, while attempting to climb upon the train.

There is little ground for contention over the question as to whether the wood-pile was attractive to children, since it was shown that it had existed in this place within two feet of the railroad-track for a long time, and that the children had played thereon with the knowledge of the railroad company. The wood-pile, away from the tracks, would not have been dangerous in itself, but when placed so near the track on loose ground, it became a dangerous place when trains were passing by. From the testimony it must be inferred that the company knew of the character of the ground and the jarring effect of trains in passing over it. It is immaterial who owned the ground on which the pile of wood was placed, as the railroad company was aware of the situation and the danger. Even if the injury was the result of the concurrent negligence of two parties, the railroad company would be responsible where its negligence was a proximate cause of the injury.

The questions of law were fairly submitted by the charge of the court to the jury, and we find nothing in the rulings on the instructions which approaches error or furnishes any reason for extended comment.

The judgment of the district court will be affirmed.