### MATTIE SEYMOUR

*v.*

### THE UNION STOCK YARDS AND TRANSIT COMPANY *et al.*

*Opinion filed December 22, 1906.*

1. NEGLIGENCE—*when recovery cannot be had under doctrine of attractive nuisances.* A recovery cannot be had against a railroad company upon the ground that it deposited piles of clay along its tracks adjacent to a street, which attracted children to such clay piles, where the boy who was injured was safe from danger while playing with the clay, but ceased such play when the defendant's train approached and ran along the bank, touching the cars as they passed, until he slipped under them and was injured, there being no claim that the defendant was negligent in the manner in which the clay was piled.

2. SAME—*an intervening element which breaks the cause and effect defeats recovery under doctrine of attractive nuisances.* An element which intervenes between the allurements of an alleged attractive nuisance and the injury, and which so breaks the relation of cause and effect as to be, itself, the proximate cause of the injury, defeats a right of recovery under the doctrine of attractive nuisances.

3. PROXIMATE CAUSE—*extent to which question of proximate cause is one of fact for the jury.* Whether the negligence charged in the declaration was the proximate cause of the injury sustained is a question of fact for the jury if there is any evidence tending to establish that fact, but whether there is any such evidence is a question of law.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

Mattie Seymour, a minor, by his next friend, brought an action on the case in the circuit court of Cook county against the Union Stock Yards and Transit Company and the Chicago Junction Railway Company to recover for personal injuries sustained by him on November 9, 1899, immediately south of Forty-ninth street between Wallace street and Union avenue, in the city of Chicago. At the close of the plaintiff's testimony in the court below the defendants made a motion to exclude from the jury all the evidence offered and received on behalf of the plaintiff and to instruct the jury to find the defendants not guilty. The court sustained the motion and instructed the jury to return a verdict in favor of the defendants. After overruling a motion for a new trial the court entered judgment on the verdict of the jury in favor of the defendants and against the plaintiff for costs. The plaintiff appealed to the Appellate Court for the First District, where the judgment of the circuit court was affirmed. A certificate of importance having been obtained a further appeal has been prosecuted by the plaintiff to this court.

Forty-ninth street, in the city of Chicago, runs east and west. It is intersected by Wallace street, Union avenue and Halsted street in the order named, Wallace street being the most easterly of these three streets. At the time Seymour was injured the Union Stock Yards and Transit Company owned a right of way adjoining Forty-ninth street on the south, between Wallace and Halsted streets, on which were laid a number of railroad tracks, the most northerly of these tracks being six or seven feet south of Forty-ninth street and running parallel therewith. These tracks were operated under a lease by the Chicago Junction Railway Company, and a large number of trains passed over the tracks each day. There was no fence, wall or other line of demarkation between Forty-ninth street and the right of way. About two months prior to November 9, 1899, large quantities of clay had been brought to this place on flat-cars and left on the north side of the railroad tracks. The clay had been thrown

off the flat-cars in piles, which formed an uneven, continu-
ous bank, extending from Wallace street to Halsted street.
These piles varied from two to four feet in height, and on
the south side sloped down to the railroad tracks.   On the
north side, as the evidence tends to show, they sloped down
into and upon Forty-ninth street.

The vicinity was thickly populated, and a great many
children lived in the neighborhood of Forty-ninth street and
Union avenue.   These children had been accustomed to play
on vacant lots on the north side of Forty-ninth street, but as
soon as the clay had been left along the track they com-
menced to play upon the bank or piles of clay, and continued
so to do until Seymour was injured.   They moulded the clay
with their hands into cakes, pies, marbles, and the like, and
baked these in fires which they built beside a large rock
which had been left upon the north side of the clay bank.
They also stood upon the piles and watched the trains pass,
or ran along the top of the bank with the train while it
was passing.

On the date above mentioned, at about ten o'clock in the
morning, Mattie Seymour was playing upon the piles of
clay.   At that time there were no other children there.   A
freight train passed over the most northerly track, and Sey-
mour ran upon the bank of clay alongside the cars, touching
them with his hands.   While thus engaged he slipped and
fell down the side or slope of the pile of clay to the track
and under the wheels of the passing cars and was seriously
injured.

It was alleged in the declaration, and is urged in this
court, that the bank of clay constituted an attraction for
children; that the neighborhood was thickly inhabited with
small children, and that large numbers of children were at-
tracted to, and had been in the habit of using, the bank of
clay as a playground; that said premises were dangerous
and unsafe for small children to be upon or about, and that
the defendants were guilty of negligence in allowing and

permitting the attractive pile of clay to remain there for a period of several weeks prior to the accident.

B. J. Wellman, (Arthur A. House, of counsel,) for appellant:

. Children of tender years cannot be regarded as trespassers where they are induced to come upon private property because of something thereon appealing to their childish curiosity; and what an express invitation would be to an adult, the temptation of an attractive playground is to a child of tender years. *Coppner* v. *Pennsylvania Co.* 12 Ill. App. 600; *Pekin* v. *McMahon,* 154 Ill. 141; *Siddall* v. *Jansen,* 168 id. 43; *Powers* v. *Harlow,* 53 Mich. 507; *Price* v. *Atchison,* 58 Kan. 551; *True Co.* v. *Woda,* 201 Ill. 315.

The general rule relieving a private owner of property of liability against injuries sustained by strangers or trespassers from the unsafe condition of his property is not applicable to children of tender years, who may be attracted thereon by such conditions or surroundings as may appeal to childish curiosity. *Siddall* v. *Jansen,* 168 Ill. 43.

Children going on private grounds and playing with turn-tables, and while doing so are injured, may recover. *Railway Co.* v. *Stout,* 17 Wall. 657; *Railroad Co.* v. *McDonald,* 152 U. S. 262; *Edgington* v. *Railroad Co.* 116 Iowa, 410.

The doctrine of the "turn-table cases" has been applied . to other situations where children have been attracted to private grounds and there exposed to danger. It was applied by this court to a case where a child was drowned in a pond of water. (*Pekin* v. *McMahon,* 154 Ill. 141.) It was also applied by this court where a child was injured in an elevator. (*Siddall* v. *Jansen,* 168 Ill. 43.) It has also been applied to cases where a child was attracted to private ground by one object and injured by another, as, where a child was attracted to a coal shaft and was injured by a slack pile

some distance from it.   *Railway Co.* v. *McDonnell,* 152 U. S. 262.

Nor is it necessary that the attractive place and the element of danger should be maintained by the same party. It is sufficient if the place of attraction combine with the element of danger, or if the danger is within or close to the attractive environment.   *Electric Light Co.* v. *Healy,* 65 Kan. 789; *Railway Co.* v. *McDonnell,* 152 U. S. 262.

A railway company which permitted a pile of boards and timber, whereon children congregated to play, to be and remain on "shaky" ground close to its tracks, was held liable in an action brought by a child who, while playing thereon, fell therefrom, rolled under a train and was injured. The child was attracted to the place by the pile of boards and the train caused him to fall and injured him.   *Railroad Co.* v. *Matson,* 75 Pac. Rep. 503.

The owner of land where children are allowed or are accustomed to play, particularly if it is unfenced, must use ordinary care to keep it in a safe condition, for children, being without judgment and likely to be drawn by childish curiosity into places of danger, are not to be classed as trespassers, idlers and bare licensees.   2 Shearman & Redfield on Negligence, (5th ed.) sec. 705.

The appellant was attracted to the premises by the clay bank. The clay bank itself caused him to slip, stumble and fall, and again it was the steep sides of the clay bank itself which caused him to roll down under the wheels of the passing train after he did fall. But for this clay bank the appellant would not have been injured. The proximate cause of the injury was a question for the jury, and the trial court and Appellate Court erred in holding, as a matter of law, that it was the cars, and not the clay bank, that caused the injury.   *Electric Light Co.* v. *Healy,* 65 Kan. 789; *Hayes* v. *Railroad Co.* 111 U. S. 242; *Carterville* v. *Cook,* 129 Ill. 152; *Siegel, Cooper & Co.* v. *Trcka,* 218 id. 559.

WINSTON, PAYNE & STRAWN, (F. S. WINSTON, and JOHN D. BLACK, of counsel,) for appellees:

A railroad company is under no duty to provide protection to children playing about its cars greater than its duty to ordinary trespassers. *Railroad Co.* v. *Eininger,* 114 Ill. 79; *Railroad Co.* v. *Stumps,* 55 id. 367; 69 id. 409; *Railroad Co.* v. *McLaughlin,* 47 id. 265; *Gavin* v. *Chicago,* 97 id. 66; *Railroad Co.* v. *Schwindling,* 101 Pa. St. 258; *McCabe* v. *Woolen Co.* 124 Fed. Rep. 283; *Paolino* v. *McKendall,* 60 L. R. A. 133; *Friedman* v. *Snare & Triest Co.* 61 Atl. Rep. 401.

The only duty which a railroad company owes to a minor trespassing upon its right of way is not to willfully and wantonly inflict an injury. *Railroad Co.* v. *Jones,* 163 Ill. 167; *Railroad Co.* v. *O'Connor,* 189 id. 559; *Railroad Co.* v. *Eicher,* 202 id. 556; *Bartlett* v. *Railroad Co.* 220 id. 163.

There is no duty imposed upon a railroad company, either by statute or by common law, to indicate the line between its right of way and a public highway, and in the absence of a statute or ordinance requiring the fencing of its tracks there is no duty to construct such fence and no special care and duty to a trespassing minor child. *Railway Co.* v. *Cline,* 111 Ill. App. 416; *Railroad Co.* v. *O'Malley,* 107 id. 599; *Hayes* v. *Railroad Co.* 111 U. S. 228; *Smith* v. *Hopkins,* 120 Fed. Rep. 921.

Railroad cars and premises are not dangerous machinery, within the meaning of the "turn-table cases." *Railroad Co.* v. *O'Malley,* 107 Ill. App. 599; *Stock Yards Co.* v. *Butler,* 92 id. 166; *Advertising Co.* v. *Flannigan,* 100 id. 452.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

Appellant invokes the doctrine of attractive nuisances, and refers us to a number of cases where that doctrine has been applied to uphold recoveries for injuries to children

of tender years.   All other requirements of the law essential to recovery being satisfied, these cases fall into two classes:

*First*—Where the injury results from some dangerous element a part of, or inseparably connected with, the alluring thing or device, as in the turn-table cases, the leading one of which is *Railroad Co.* v. *Stout,* 17 Wall. 657.

*Second*—Where the attractive device or thing is so located or situated that in yielding to its allurement the child, without such intervention of another element as breaks the relation of cause and effect, is brought directly in contact with danger from some independent source which occasions the injury, as in *Kansas City, Ft. Scott and Memphis Railroad Co.* v. *Matson,* 68 Kan. 815.

There a railroad company maintained a pile of lumber upon ground of a loose and spongy character in immediate proximity to its tracks within a thickly populated district. The boy who was hurt was but five years of age, and was upon the top of this pile, from whence he was shaken or thrown by the jar occasioned by a passing train.   He fell under the wheels and was thereby injured.

In the case at bar appellant was attracted by the clay piled along the railroad track.   He went upon the pile and was there at play and while so engaged was in no danger. As the train passed, the boy, no longer absorbed by the attractions of the bank of earth, began touching, playing with and running alongside the slowly-moving cars, and finally fell under them, sustaining the injury complained of.

Here an element intervened between the acts induced by the allurements of the clay pile and the injury, viz., the movements of the boy in placing himself in contact with and in running alongside the cars, and this case is thus distinguished from *Kansas City, Ft. Scott and Memphis Railroad Co.* v. *Matson, supra,* where it was pointed out that the contention of the railroad company that the boy was hurt while attempting to climb upon the train was not warranted by the evidence.

We are not unmindful that when appellant fell he slipped down the side or slope of the clay pile to the tracks, but his counsel say, in criticising the opinion of the Appellate Court: "Our contention was not that the railroad was negligent in not making this switch yard a safe playground, but the negligence consisted of in leaving the attraction there for six weeks,—of inviting and enticing the appellant there into this place of danger."

Any question of negligence which might possibly otherwise be predicated upon the fact that the clay was not so leveled down or was not placed at such distance from the tracks as to make or leave the approach to the rails over smooth and level ground has therefore been eliminated from the controversy.

The proximate cause of the injury in this case was not the pile of clay, nor any danger with which the boy was brought in contact while gratifying any curiosity or desire excited by that pile. The injury was proximately caused by the movements of appellant in placing his hands upon and in running alongside the cars.

Counsel urge that the question of what is proximate cause is one of fact for the jury. That is true where there is evidence tending to show that the negligence charged was the proximate cause, but whether there is any such evidence is a question of law.

Upon the evidence before it the court properly directed a verdict.

Error is assigned upon the exclusion of an ordinance offered in support of the second count of the declaration. Attorneys for appellant say they do not desire to discuss the question thereby raised, except to cite the case of *Hayes* v. *Michigan Central Railroad Co.* 111 U. S. 228. We have examined that authority and conclude there was no error in excluding the offered proof.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*