### Albert Arndt, Appellant, v. Conrad Seipp Brewing Company, Appellee.

#### Gen. No. 15,058.

Negligence—*what not actionable*.    Unless there was a causal connection between the alleged negligence and the injury, a recovery will not be sustained.    *Held*, in this case, that there was no evidence tending to show any causal connection between the alleged want of sufficient light and the breaking off of a piece of a rivet which struck the plaintiff in the eye and caused his injury.

Action in case for personal injuries.    Appeal from the Superior Court of Cook county; the Hon. WILLIAM H. McSURELY, Judge, presiding.    Heard in this court at the October term, 1908.    Affirmed. Opinion filed April 18, 1910.

CHARLES J. O'CONNOR and E. P. HARNEY, for appellant.

FRANK M. COX and R. J. FELLINGHAM, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action to recover for personal injuries. There is an agreed statement of facts made by plaintiff's attorney and accepted by the defendant.

The declaration as amended contains a single count and the negligence charged is that defendant "negligently and carelessly failed to use reasonable and proper care to provide for the plaintiff a reasonably safe place in which to work, by negligently and carelessly failing to provide in said building where the plaintiff was working sufficient light whereby said plaintiff could properly perform the said work of driving out said rivets and reducing the size of said hoop without danger to the plaintiff;" and further "negligently and carelessly failed to provide said plaintiff with light sufficient to enable said plaintiff to do his said work without danger, and because of said unsafe

place to work in on account of the want of sufficient light, and while said plaintiff was performing said labor" and exercising due care for his own safety, he was injured.

The agreed statement of facts shows that plaintiff was, on the 5th of November, 1906, employed as a cooper in defendant's building, and at the time of the injury complained of was engaged in reconstructing certain tubs used in what is called a fermenting cellar. In setting up one of the tubs he and his associates were directed to take an old and rusty hoop, which being too large, it was necessary to reduce to the size of the tub upon which it was to be placed. To do this it was "necessary to unfasten the said hoop by driving out the rivets which held said hoop in a circle," and to do this plaintiff and his associates were directed by the foreman to a part of the fermenting room, which plaintiff objected to as not light enough to work in. The foreman promised to "see that sufficient light was furnished at once." The room was about forty feet wide and eighty feet long and contained about fifty or more tubs. It was lighted by electricity and by windows. The men were ordered to fix a place in the designated corner of the room in which to work, and an iron stool or block about a foot high was set down by the foreman on the floor. On top of it was placed "a nut about two inches high." It had a hole in it and over this nut "the hoop went to drive out the rivets in order to shorten up the hoop and put it around" the tub. The plaintiff and two other workmen were doing the work. The plaintiff was standing on one side of the hoop holding it, and another of the men on the other side, while the third man in the center was driving out the rivets. There was an electric light about twenty-five feet away, and the men were about fifteen or twenty feet from a window, which was so covered with dirt as to exclude the daylight from showing through. The only other light was from a candle setting on the floor.

It was so dark there that the men "had to feel in order to put the punch on" the rivet at the right place in order to drive it out. While getting out one of these rivets and while the plaintiff was holding the hoop, another of the men in driving out the rivet struck the punch and "a piece of the rivet flew and struck Arndt in the eye and put his eye out."

The defendant demurred to the statement of facts, moved the court to instruct the jury to find the defendant not guilty, and submitted a written instruction to that effect, which was given. Plaintiff appeals from the judgment against him.

The negligence charged in the declaration is, as above stated, failure to furnish sufficient light to enable plaintiff to do his work without danger, and it is charged that because of the want of sufficient light plaintiff received the injury. There is however no evidence and nothing in the agreed statement of facts tending to show any causal connection between the alleged want of sufficient light and the breaking off of the piece of the rivet which struck the plaintiff in the eye. It was a piece of the rivet which broke off, so that so far as appears the punch was placed on the rivet, and there is nothing in the record tending to show the accident would not have occurred in precisely the same manner had the place where they were working been brilliantly lighted. The plaintiff cannot recover except upon affirmative proof tending to show that the negligence charged was the proximate cause of the injury. Mere conjecture cannot take the place of evidence. Whether there is evidence tending to show that the negligence charged was the proximate cause of the plaintiff's injury is a question of law and not a question of fact for a jury. Seymour v. Union Stock Yards Co., 224 Ill. 579-586. Similar accidents are not uncommon. The case of I. C. R. R. Co. v. Sporleder, 199 Ill. 184, cited by appellant, was an accident of like nature, where while a claw bar was being driven under the head of a spike a small piece of the

spike broke off and destroyed the sight of the appellee's eye. He was acting under orders of the foreman as to the manner in which the spikes should be pulled, and there was evidence tending to show the method the foreman directed was dangerous. No such order directing how the rivets should be driven out was given in the case at bar. The order of the foreman was a general order to do the work. In the case of Webster Manfg. Co. v. Nisbett, 205 Ill. 273, the accident was of a similar character. A small particle of steel flew from a hammer in a blacksmith shop, hitting appellee in one eye and destroying the sight. The judgment was reversed and the opinion treats of the question of assumed risk where there has been a promise to repair a hand hammer, a common implement with which the servant was familiar. No question of assumed risk is presented by the evidence in the case at bar, in the absence of proof of any causal connection between the negligence charged in the declaration and the injury complained of.

Finding no error, the judgment of the Superior Court is affirmed.

*Affirmed.*