## Roy Prickett by John W. Prickett, Appellee, v. Sarah Pardridge et al., Appellants.

### Gen. No. 19,847.

1. Landlord and tenant, § 230*—*when owners not liable for injury to child of tenant by falling from roof.* Where a child of a tenant went upon the roof of a three-story tenement building and in attempting to jump from it to the roof of an adjoining building fell and was injured, *held* that the owners of the buildings were not liable on the theory that they owed to the tenants and their families the duty to exercise care to keep the roof in a reasonably safe condition, it appearing that there were steps leading to the roof and that the roof was used by the tenants for drying clothes, but it not appearing that the owners had knowledge that children went upon the roof, or that the roof was used as a playground or breathing place by the invitation or with the knowledge and consent of the owners.

2. Negligence, § 45*—*when owners of building not liable on theory of maintaining dangerous roof attractive to children.* Where a child went upon the roof of a three-story tenement building and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in attempting to jump from it to the roof of an adjoining building fell and was injured, *held* that the owners of the buildings were not liable on the theory that the roof was a dangerous thing attractive to children, for the reason that the roof was not so located as to attract children from a street or other public place, and for the further reason that neither the roof nor anything connected with it was the proximate cause of the injury.

Appeal from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding. Heard in this court at the October term, 1913. Reversed with finding of fact. Opinion filed October 13, 1914. Rehearing denied October 28, 1914.

JOHN S. HUMMER, for appellants; JAMES E. Mc-GRATH, of counsel.

ALEXANDER H. HEYMAN, for appellee; FRANCIS W. WALKER, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff, a child four years old, went on the roof of the three-story tenement house number 167 West Superior street and attempted to jump from the roof across a court four and a half feet wide to the roof of number 165, and in so doing fell and was injured. The defendants owned and were in control of the buildings numbers 167 and 165, and also of a four-story tenement house fronting on Wells street and extending back to the side of the building number 167 Superior street. Plaintiff in an action of tort for negligence recovered a judgment for eighty-five hundred dollars, to reverse which the defendants prosecute this appeal.

The parents of plaintiffs occupied, under a verbal lease from defendants, rooms in the basement of the building number 167 Superior street. At the rear of the building fronting on Wells street and along the side of the building No. 167 Superior street was a stair-

way which led to the roof of 167 Superior street.  The tenants in the buildings were accustomed to take clothes up the stairway and hang them on lines on the roof of number 167.  Near the top of the stairway was a gate which was fastened with a hook and staple, but in the gate was a hole through which plaintiff could thrust his arm and unfasten the hook and through which he could pass.  A girl living at number 165 carried a basket of clothes up the stairway onto the roof of number 167.  She saw the plaintiff unfasten the hook, told him to go downstairs, but he proceeded through the gate onto the roof near the court. She told him again to go downstairs, but he climbed on the coping at the edge of the roof and saying, ''Watch me jump,'' attempted to jump across the open space and fell to the bottom of the court, a distance of about forty-five feet.

If the plaintiff was a trespasser on the roof then the defendants owed no duty to him to keep the roof in safe condition.  But if the roof was used by the tenants as a breathing place, a place for rest, recreation and play by the express or implied inducement or wish of the defendants, in other words, by their invitation, then the defendants owed to the tenants and their families the duty to exercise reasonable care to keep the roof in reasonably safe condition.

That some of the tenants were in the habit of hanging clothes to dry on the roofs was known to the defendants, but no permission, express or implied, was given to any of the tenants to make any other use of the roof.  There is evidence that boys went on the roof, played there and threw pebbles on persons passing along the street, but no evidence that the defendants or any of them had any knowledge, actual or constructive, that children ever went on the roof to play or for any other purpose.  It is shown by the evidence that some of the tenants, when they saw boys playing on the roof, drove them down.  Plaintiff's

father testified that he had driven boys down from the roof, and his mother testified that she had often done so, "for fear that they would get my little boy up there"; that she hung her clothes on the roof when she first lived in the building, but quit on account of her children.

Passing for the present the question whether the facts bring the case within the doctrine of the "turntable" or "attractive nuisance" cases under which it is held that the maintenance of a dangerous thing attractive to children under certain circumstances may amount to an invitation to them, so that they cannot be regarded as voluntary trespassers, we do not think that from the facts proved the jury might properly draw the inference that any of the tenants used the roof as a playground or breathing place by the invitation or with the knowledge or consent of the defendants, or that the defendants were guilty of an actionable breach of duty to the plaintiff in failing to keep the roof in safe condition for a child of his age to go on.

It remains to consider whether the judgment can be sustained under the doctrine of the "turntable" or "attractive nuisance" cases. The rules in such cases are very fully stated in *McDermott v. Burke*, 256 Ill. 401. In that case it was held that the owner or occupant of private grounds is under no obligation to keep them in any particular condition to promote the safety of trespassers, bare licensees or others who come upon them without any express or implied invitation; and this general rule applies equally to adults and children; that in Illinois if the owner or occupant of premises leaves a dangerous machine or thing exposed under such conditions that it may reasonably be anticipated that children of such tender age as to be incapable of exercising proper care for their safety may, by their own instincts, be attracted to the dangerous thing and thereby injured, he will be liable for

such injury; that it is a necessary element of the liability of the owner of premises for an injury to a child playing with a dangerous appliance, that the appliance be such a thing as the owner might reasonably anticipate would be attractive to children and be so located as to attract them from the public street or some public place where they had a right to be, and he is not liable for maintaining a dangerous thing for his own use which could only be found by children going upon the premises as trespassers; that another essential condition to liability is that the attractive. thing or something inseparably connected with it must be the proximate cause of the injury. *Seymour v. Union Stock Yards & Transit Co.*, 224 Ill. 579.

In the *McDermott* case, *supra*, the attractive thing was a sand pile, but that was not dangerous and caused no injury. The injury was caused by the plaintiff leaving the sand pile and going fourteen feet away to a hoisting appliance in which a cable passed under a sheave and placing his hand on the cable, whereby his hand came between the cable and sheave, and it was held the sand pile was not the proximate cause of the injury. In the *Seymour* case, *supra*, the attractive thing was a pile of clay alongside of a railroad track. The plaintiff, a child, went on the pile to play. While playing there he was in no danger, but he quit playing with the clay and began to run alongside of a passing train, touching the cars, and fell under a car and was injured, and it was held that the proximate cause of the injury was the conduct of the plaintiff in placing his hands upon and running alongside of the cars. In this case the injury was proximately caused by the act of the plaintiff in jumping from the roof. In *Kansas City, Ft. S. & M. R. Co. v. Matson*, 68 Kan. 815, the plaintiff was shaken by a passing train from a pile of wood alongside of a railroad track, and it was held that he could recover. The *Seymour* case is distinguished from that case by Mr.

Chief Justice Scott in the opinion, on the ground the pile of wood was so located that in yielding to its allurements the child, without such intervention of another element as breaks the relation of cause and effect, is brought directly in contact with danger from some independent source which occasions the injury.

In this case it cannot be said that the stairway was alluring, and it is not alleged to be alluring. The most favorable view that can be taken of the declaration is that it alleges that the roof was alluring and therefore the defendants should, by means of a gate or door through which children could not pass, have prevented children from going on the roof. But the roof was not near the street, but three stories above it and could only be reached from the street by climbing three flights of stairs. The evidence also fails to prove what is held in *McDermott v. Burke, supra,* to be a necessary element of liability, viz., that the dangerous thing must be so located as to attract children from the street or some public place where they may be expected to be. In *St. Louis, V. & T. H. Co. v. Bell,* 81 Ill. 76, cited with approval in *McDermott v. Burke,* it is held that when the turntable was not near a public street, nor in a place where the public were in the habit of passing, the defendant was not liable for injuries to a child received in playing on such turntable.

Our conclusion on a careful review of the evidence is that the facts proved do not bring the case within the doctrine of the ''turntable'' or ''attractive nuisance'' cases as announced by the Supreme Court of this State, and that the evidence fails to show a right of action in the plaintiff against the defendants. For the reason indicated the judgment of the Circuit court is reversed.

*Judgment reversed with finding of fact.*

Finding of fact.—The court finds as a fact that the evidence in the record in this case fails to show that the defendants were guilty of any negligence which

caused or contributed to the injury of plaintiff for which he recovered in this case.