## LITTLEJOHN v. MIDLAND VALLEY R. CO.

No. 3976.   Opinion Filed April 13, 1915.

(148 Pac. 120.)

1. **NEGLIGENCE—Question for Jury—Evidence—Variable Standard of Duty.** What is and what is not negligence is generally a question for the jury, and not for the court. Where the standard of duty is not fixed, but variable, and shifts with the circumstances of the case, it is incapable of being determined as a matter of·law, and where there is sufficient evidence, it must be submitted to the jury to determine what it is, and whether it has been complied with.

2. **SAME—Question for Court—Fixed Standard of Duty.** On the other hand, when the standard is fixed, when the measure of duty is defined by law, and is the same under all circumstances, its omission is negligence and may be so declared by the court.

3. **NEGLIGENCE—Personal Injuries—Demurrer to Evidence.** In an action for damages for personal injury, charged to have been caused by negligence, the court should not sustain a demurrer to the evidence and withdraw the case from the jury, unless, as a matter of law, no recovery can be had upon any view which can be properly taken of the facts the evidence tends to establish.

4. **NEGLIGENCE—Question for Jury—Evidence.** Where, from the facts shown by the evidence, although undisputed, reasonable men might draw different conclusions respecting the question of negligence, such question is properly for the jury.

5. **NEGLIGENCE—Injury to Child—Attractive Places—Dangerous Instrumentalities—Question for Jury.** Where a child four and one-half years old was injured by the fall of a large and heavy iron flywheel, upon which it had climbed while at play upon a depot platform, and where said wheel had been left upon said platform for two weeks or more, unguarded and unprotected, at

a place where children had, with knowledge of defendant's station agent, been accustomed to play, whether the wheel which caused the injury, or the station platform upon which it was left, was sufficiently attractive to allure children into danger; or whether the wheel, where and in the position and manner in which it was left, was dangerous; or whether left in a dangerous position in an attractive place, known to be frequented by children; and whether the situation was such as to suggest to the railroad company the probability of accident; and whether the company was negligent—are questions of fact for the consideration of the jury.

(Syllabus by the Court.)

*Error from District Court, Osage County;*

*R. H. Hudson, Judge.*

Action by James O. Littlejohn against the Midland Valley Railroad Company, a corporation. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

See, also, 44 Okla. 8, 143 Pac. 1.

*H. P. White,* for plaintiff in error.

*George S. Ramsey, Edgar A. de Meules,* and *Farrar L. McCain,* for defendant in error.

SHARP, J.   The plaintiff below, James O. Littlejohn, the father of Jesse Littlejohn, sought by his action against the defendant in error to recover damages for injuries sustained by his said son on account of the alleged negligent, wanton, and careless acts of the railroad company in placing and leaving upon its freight depot platform in the town of Foraker a large iron flywheel about 30 inches in diameter, and weighing about 365 pounds. The petition charged that for about two weeks prior to July 25, 1910, the said wheel was negligently, wantonly, carelessly, and knowingly allowed and permitted to remain standing on its flange on said depot platform without guard, chock, prop, or stay to prevent its falling, in total and reckless disregard of danger to the public occasioned thereby; that

said wheel was left standing near the door opening into the freightroom of the depot, unguarded and unprotected, and in said position was attractive and enticing to children, and an invitation to them to play therewith, and constituted an attractive nuisance; that children were accustomed to play about said depot and upon and about said flywheel with the knowledge and consent of the defendant; that on the 25th day of July, 1910, the said Jesse Littlejohn, at the time four and one-half years of age, accompanied by his brother, seven and one-half years of age, was attracted and enticed by said flywheel, and went upon the platform of said depot to play upon and about it, and while in the act of climbing upon said wheel, in the position and surroundings heretofore stated, the said flywheel fell upon the said Jesse Littlejohn and crushed and severely injured his left foot. Plaintiff's action is to recover in his own right for doctor's bill, nursing and caring for said child, medicines, loss of time from work, and loss of service and earnings respectively expended and sustained by him on account of said injury. At the trial the court sustained a demurrer to the plaintiff's evidence, discharged the jury, and entered a judgment for the defendant for its costs. The question presented for our consideration is, whether or not the trial court erred in sustaining the defendant's demurrer, and in not submitting the case to the jury.

In *Midland Valley R. Co. v. Littlejohn,* 44 Okla. 8, 143 Pac. 1, in an opinion by Thacker, C., a judgment in favor of Jesse Littlejohn, for damages sustained by him on account of said injury, was reversed and remanded for a new trial.

Plaintiff's action involves an application of the doctrine of attractive nuisance.

We have carefully read the testimony, and while it does not appear that all of the allegations of the amended

petition were proven, there was, in our judgment, suffi-
cient evidence of actionable negligence to take the case to
the jury.  The wheel was an item of freight, and had been
allowed to remain on the station platform near the door
of the freightroom for two weeks or more.  At times the
wheel was permitted to lean against the wall of the depot,
at other times it stood erect on the platform, and at still
other times it lay flat on the platform.  At no time, so far
as the testimony shows, was the wheel guarded, chocked,
or propped.  There was evidence tending to show that at
the time of the accident it stood in an upright position on
the platform.  A number of witnesses testified that they
had seen children playing on or about the depot platform
on many occasions prior to the accident, and there is some
evidence tending to prove that this fact was known to the
station agent.  That the wheel in the position in which it
was left was dangerous is shown by the fact of the injury,
caused by Jesse Littlejohn attempting to climb upon it.
Whether a machine be dangerous and known to be such,
and whether it be left in an attractive place, known to be
frequented by children of tender years, and whether the
proprietor of the premises be guilty of negligence in leav-
ing it in a dangerous position, unprotected in some suit-
able manner, are questions of fact.  It is well settled that
what is or what is not negligence in a particular case
ordinarily is a question for the jury, and not for the court.
*Missouri, K. & T. R. Co. v. Shepherd,* 20 Okla. 626, 95
Pac. 243; *Harris v. Missouri, K. & T. R. Co.,* 24 Okla. 341,
103 Pac. 758, 24 L. R. A. (N. S.) 858; *Dewey Portland
Cement Co. v. Blunt,* 38 Okla. 182, 132 Pac. 659; *Gulf, C.
& S. F. R. Co. v. Ellis,* 54 Fed. 481, 4 C. C. A. 454.

When the standard of duty is not fixed, but variable,
and shifts with the circumstances of the case, it is in its
very nature incapable of being determined as a matter of
law, and, where there is sufficient evidence, must be sub-
mitted to the jury to determine what it is, and whether

it has been complied with. *O'Neil v. East Windsor*, 63 Conn. 150, 27 Atl. 237; *McCully v. Clarke,* 40 Pa. 406, 80 Am. Dec. 584; *Baker v. Westmoreland & C. Nat. Gas Co.,* 157 Pa. 593, 27 Atl. 789.

On the other hand, when the standard is fixed, when the measure of duty is defined by the law, and is the same under all circumstances, its omission is negligence and may so be declared by the court. *Savannah, F. & W. R. Co. v. Evans,* 115 Ga. 315, 41 S. E. 631, 90 Am. St. Rep. 116; *Heimann v. Kinnare,* 190 Ill. 156, 60 N. E. 215, 52 L. R. A. 652, 83 Am. St. Rep. 123; *Newhard v. Pa. R. Co.,* 153 Pa. 417, 26 Atl. 105, 19 L. R. A. 563; *Kilpatrick v. Grand Trunk R. Co.,* 72 Vt. 263, 47 Atl. 827, 82 Am. St. Rep. 939; *Patten v. Chicago & N. R. Co.,* 32 Wis. 524.

Questions of negligence do not become questions of law, to be decided by the court, except where the facts are such that all reasonable men must draw the same conclusion from them, and the case should not be withdrawn from the jury unless the conclusion follows, as a matter of law, that no recovery can be had upon any view which can properly be taken of the facts the evidence tends to establish. *Anthony v. Bliss et al.,* 39 Okla. 237, 134 Pac. 1122; *Gardner v. Michigan Cent. R. Co.,* 150 U. S. 349, 361, 14 Sup. Ct. 140, 37 L. Ed. 1107; *Kreigh v. Westinghouse & Co.,* 214 U. S. 249, 29 Sup. Ct. 619, 53 L. Ed. 987; *Grand Trunk R. Co. v. Ives,* 144 U. S. 417, 12 Sup. Ct. 679, 36 L. Ed. 485.

Nor is the rule influenced by the fact that there is no conflict worthy of consideration in the evidence. As has been held by this court in a number of cases, although the facts shown by the evidence be undisputed, yet if reasonable men might draw different conclusions respecting the question of negligence or contributory negligence, such questions are properly for the jury. *San Bois Coal Co. v.*

*Janeway*, 22 Okla. 425, 99 Pac. 153; *St. Louis & S. F. R. Co. v. Copeland*, 23 Okla. 837, 102 Pac. 104; *Clark v. St. Louis & S. F. R. Co.*, 24 Okla. 764, 108 Pac. 361; *Mean v. Callison*, 28 Okla. 737, 116 Pac. 195; *Enid City R. Co. v. Webber*, 32 Okla. 180, 121 Pac. 235, Ann. Cas. 1914A, 569; *St. Louis & S. F. R. Co. v. Williams*, 31 Okla. 450, 122 Pac. 152.

In the jurisdictions where the attractive nuisance doctrine is recognized, whether or not the particular premises are sufficiently attractive to entice children into danger, and whether a certain machine is dangerous and known to be such, or whether it be left in a dangerous position in an attractive place known to be frequented by children, and whether the situation was such as to suggest to the proprietor the probability of accident and to involve the question of negligence in leaving it uncovered or unguarded, are questions for the jury. A review of some of the decisions will confirm our position.

In *Biggs, Adm'r, v. Consolidated Barbed Wire Co.*, 62 Kan. 492, 63 Pac. 740, it was held that the questions of whether the place was dangerous and known to be such, because attractive to and known to be frequented by children, and the defendant was guilty of negligence in leaving it uncovered and unprotected, were for the jury.

In *Alabama, G. S. R. Co. v. Crocker*, 131 Ala. 584, 31 South. 561, referring to the first of the turntable cases decided by the Supreme Court of the United States *(Sioux City & Pac. R. R. Co. v. Stout*, 17 Wall. 657, 21 L. Ed. 745), it was said by the court that it adopted the doctrine there announced concerning both the duty of railroad companies toward infants, and the mode in which the question of negligence should be tried. Referring to the mode of trial, it was said:

"On the latter point the court applied in that case the general rule which requires, that though the facts bearing

on an issue be undisputed, if different ordinarily constituted minds may reasonably and honestly draw different conclusions from those facts the question is properly' for the jury, and not for the court to determine."

In *Nashville Lbr. Co. v. Busbee*, 100 Ark. 76, 139 S. W. 301, 38 L. R. A. (N. S.) 754, in a recent opinion, referring to the doctrine of *Lynch v. Nurdin*, Eng. Com. L. Rep. 1, Ellis N. S. 422, it was held that it was for the jury to determine whether the machinery was dangerous and known to be such, because it was attractive to and known to be frequented by children, and whether the appellant was guilty of negligence in leaving machinery uncovered and unprotected.

In *McAllister v. Seattle Malting & Brewing Co.*, 44 Wash. 179, 87 Pac. 68, the question whether a sheave wheel, over which passed a pulley used in moving cars under a railroad track, belonged to the class of dangerous machinery, whether it was attractive and alluring to children, and whether it was placed and operated without guards so close to a public highway that it must have been foreseen that it would attract and injure a child nine years old, were held to be questions for the jury.

In *Shortridge v. Scarritt Estate Co.*, 145 Mo. App. 295, 130 S. W. 126, a boy, eleven and one-half years old, accompanied his mother to the defendant's building, which was not entirely finished. There were holes in certain elevator doors, and the boy, impelled by curiosity, thrust his head into one of the holes and was injured by being struck by a moving elevator. It was held that the question of defendant's negligence was for the jury.

In *Secard v. Rhinelander Lighting Co.*, 147 Wis. 614, 133 N. W. 45, in an action against the lighting company for the death of a child, who fell into an unguarded excavation in a street, it was held that under the evidence the

questions whether the company was negligent or the child guilty of contributory negligence were for the jury.

In *Donk Bros. Coal & Coke Co. v. Leavitt,* 109 Ill. App. 389, it was said that whether premises are or are not sufficiently attractive to entice children into danger, and to suggest to the defendant the probability of the accident, are matters to be determined by the jury.

To the same effect, may be added the following authorities: *Walsh v. Fitchburg R. Co.,* 67 Hun. 604, 22 N. Y. Supp. 441; *Jonasch v. Standard Gas. Co.* (Super. Ct.), 4 N. Y. Supp. 542, affirmed in 117 N. Y. 641, 22 N. E. 1131; *Houston, etc., R. Co. v. Simpson,* 60 Tex. 103; *Hogan v. Houston Belt & T. R. Co.* (Tex. Civ. App.), 148 S. W. 1166; *Greer v. Damascus Lbr. Co.,* 161 N. C. 144, 76 S. E. 725; *Brinkley Car Co. v. Cooper,* 60 Ark. 545, 31 S. W. 154, 46 Am. St. Rep. 216; *Kansas City, F. S. & M. R. Co. v. Matson,* 68 Kan. 815, 75 Pac. 503; *Hillerbrand v. May Merc. Co.,* 141 Mo. App. 122, 121 S. W. 326; *Tibbits v. Spokane,* 64 Wash. 570, 117 Pac. 397; *Rost v. Parker Washington Co.,* 176 Ill. App. 245; *Bridger v. Asheville & S. R. Co.,* 25 S. C. 24; *Hayes v. Southern Powder Co.,* 95 S. C. 230, 78 S. E. 956.

Further discussing the rule already adverted to, of the effect that must be given to testimony where the facts are undisputed, we find the question ably considered in *Sioux City & Pac. R. R. Co. v. Stout, supra,* where it is said:

"It is true, in many cases, that where the facts are undisputed the effect of them is for the judgment of the court, and not for the decision of the jury. This is true in that class of cases where the existence of such facts comes in question rather than where deductions or inferences are to be made from the facts."

Various illustrations of the rule are given in the opinion, after which the court proceeds:

"Certain facts we may suppose to be clearly established from which one sensible, impartial man would infer that proper care had not been used, and that negligence existed; another man equally sensible and equally impartial would infer that proper care had been used, and that there ·was no negligence. It is this class of cases and those akin to it that the law commits to the decision of a jury."

It is a rule well recognized that where there is any evidence introduced at the trial of a cause reasonably tending to establish the allegations of the plaintiff's petition, it is error for the court to sustain a demurrer to such evidence and render judgment in favor of the defendant. *Conklin v. Yates,* 16 Okla. 266, 83 Pac. 910; *Edmisson v. Drumm-Flato Comm. Co.,* 13 Okla. 440, 73 Pac. 958; *Ziska v. Ziska,* 20 Okla. 634, 95 Pac. 254, 23 L. R. A. (N. S.) 1; *Porter v. Wilson et al.,* 39 Okla. 500, 135 Pac. 732. Upon a very closely related question, that of directing a verdict, the question presented to a trial court is whether, admitting the truth of all the evidence that has been given in favor of the party against whom the action is contemplated together with such inferences and conclusions as may reasonably be drawn therefrom, there is enough competent evidence reasonably to sustain a verdict, should the jury find in accordance therewith. *Baker v. Nichols & Shepard Co.,* 10 Okla. 685, 65 Pac. 100; *Hanna v. Mosher,* 22 Okla. 501, 98 Pac. 358; *Harris et al. v. Missouri, K. & T. Ry. Co.,* 24 Okla. 341, 103 Pac. 758, 24 L. R. A. (N. S.) 858; *Moore v. First Nat. Bank of Iowa City,* 30 Okla. 623, 121 Pac. 626; *Texas & Pac. R. Co. v. Cox,* 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829, and cases cited. Hence, we think it is manifest that the court erred in sustaining a demurrer to the plaintiff's evidence.

Under the state of the record, the rule heretofore announced by this court in *City of Shawnee v. Cheek, Adm'x,* 41 Okla. 227, 137 Pac. 724, 51 L. R. A. (N. S.)

672, and *Littlejohn v. Midland Valley R. Co.,* 44 Okla. 8, 143 Pac. 1, is not involved.

The judgment of the trial court is reversed, and the cause remanded for a new trial.

TURNER, HARDY, and BROWN, JJ., concur. KANE, C. J., absent, and not participating.