## IRA WEYBURN v. ESTATE OF JOHN KIPP.

### *Joint bond—Contribution—Evidence—Interest.*

1. The *survivor* of two *joint* obligors in a bond conditioned for the support of their mother-in-law during her natural life, with the right to live in the family of *either*, as she might choose, after her death filed a claim against his co-obligor's estate for contribution, claiming to have furnished in excess of his share in performing the conditions of the bond, which was denied by the estate, and on the hearing before the commissioners on claims the claimant was successful, and an appeal was taken to the circuit court, where no issue other than as stated was directed or made up. On the trial claimant introduced the bond in evidence, and gave further evidence tending to show that the obligee was taken care of at his house *more* than half the time, and what such care was worth per week, and the amount paid by his co-obligor on account thereof; but it did not appear that such care was furnished at the *request* of such co-obligor, express or implied, or on his express or implied *promise* to pay for the same, other than that contained in the bond.

   *Held*, that a motion to direct a verdict against claimant on this proof was properly overruled, there being some testimony from which inferences might be drawn proper to charge the estate; and this was within the province of the jury to determine.

   *Held*, further, that such an accounting must necessarily cover the *full* period of the bond, out of which the liability of the deceased co-obligor grew, if any existed.

   *Held*, further, that it was error for the court to state to the jury that the testimony of the claimant showed that he had furnished the required support for *more* than *one-half* of the time, the testimony being *conflicting* and the *fact* contested, and the *jury* should have been left to determine the question.

2. Where a claimant against an estate presented an account for board at a *fixed* rate per week, it was error for the circuit judge, on the trial of an appeal from the finding of the commissioners

on claims, to instruct the jury that they were not confined to that price if they found the board to have been of greater value.

3. On the facts stated in head-note 1, in the absence of proof of demand by the claimant for payment, and of any promise to pay interest thereon, none should be allowed. ·

Error to Lenawee. (Howell, J.)    Argued April 14, 1886. Decided October 14, 1886.

Appeal from allowance of claim against an estate.  Estate brings error.  Reversed.  The facts are stated in the opinion.

*L. R. Pierson* and *Millard & Weaver,* for appellant.

*Sawyer & Lane,* for claimant.

SHERWOOD, J.  This is an appeal from the allowance of a claim by commissioners against the estate of John Kipp, deceased.

The claim presented is for care and support rendered and furnished to Ann Vreeland, for John Kipp, the deceased. It is for board and services rendered; also for services rendered to the deceased during his last illness,—in all, with interest, amounting to $1,246.64.

The commissioners allowed the claimant $579.48.

The executrix appealed to the circuit court for the county of Lenawee, where the case was tried before Hon. Andrew Howell, circuit judge, by jury, and the claimant was allowed the sum of $801.87, and the proper judgment was entered accordingly.

The executrix brings the case into this Court by writ of error for review.

On the fourteenth day of December, 1861, John Kipp (husband of the executrix) and Ira Weyburn made their bond in the penal sum of $1,000 to Ann Vreeland, conditioned that they should support and maintain her during her natural life.  The bond is as follows:

"Know all men by these presents that we, John Kipp, of the township of Fayette, Seneca county, state of New York, and Ira Weyburn, of Hudson, Lenawee county, State of Michigan, are held and firmly bound unto Ann Vreeland in the sum of one thousand dollars, lawful money of the United States, to be paid to said Ann Vreeland, which payment well and truly to be made we bind ourselves, our heirs, executors, administrators, and assigns, firmly by these presents.

"Sealed with our seals, and dated at Hudson, aforesaid, this fourteenth day of December, A. D. 1861.

"Whereas, the said Ann Vreeland has this day, by quitclaim deed, conveyed all her interest as the widow of Nicholas M. Vreeland, deceased, in and to the real estate owned by said Nicholas M. Vreeland at the time of his decease, to John Kipp, Ellen Kipp, Ira Weyburn, and Elizabeth Ann Weyburn. Now, therefore, the condition of this obligation is such that if the said John Kipp and Ira Weyburn shall provide a suitable maintenance for said Ann Vreeland, widow as aforesaid, during her life-time, and shall provide her with all necessary articles of clothing for her comfort, and shall furnish her with suitable board, and also with necessary funds to enable her to visit her daughters, the aforesaid Ellen Kipp and Elizabeth Ann Weyburn, wherever the said daughters may reside, and shall attend and take good care of her when she may be sick, and at such time or times shall provide her with all needed medical attendance,—the said Ann Vreeland to be allowed to live in the families of John Kipp and Ira Weyburn, as she may choose,—then, and in the case of the faithful performance of the above agreement by the above bounden, this obligation to be null and void; otherwise of full force and effect.

"In witness whereof, the said parties have hereunto set their hands and seals the day and year first above written.

"Signed, sealed, and      JOHN KIPP. [L. S.]
delivered in presence ol      IRA WEYBURN. [L. S.]"
    T. J. Hiller.

The obligors were sons-in-law of Mrs. Vreeland, and, as will be noticed, she was to have the privilege of living in the family of either, as she might choose.

Mrs. Vreeland lived until November 24, 1877, when she died at the house of claimant.

63 MICH.—6.

The daughter of Mrs. Vreeland, and wife of John Kipp, died in September, 1870, and John married Mrs. Kipp, the executrix, in February, 1871. John died the twenty-fifth day of April, 1883.

The claimant insists that after the death of the first Mrs. Kipp, Mrs. Vreeland made her home at his house for much the larger portion of the time until she died, and during that period he furnished to her, of the things required by the bond, far more than belonged to him to furnish as between him and John Kipp, and that it is for this excess that he makes his claim before the court.

On the part of the estate the executrix contended that, during the whole time from the date of the bond until the death of Mrs. Vreeland, she was at John Kipp's house nearly, or quite one-half the time; and that, while she was at the claimant's house, Mr. Kipp, at different times, gave her money to purchase such things as she wished and were necessary to her comfort and support, and paid a servant for taking care of her during her sickness in 1875, and furnished fully his part.

There was no issue directed or made up under the order of the court at the circuit, but it was upon the theories of the parties above stated that the cause was tried before the jury.

The claimant on the trial introduced the bond in evidence, and then gave further evidence tending to show that Mrs. Vreeland was at his house and taken care of by him and his wife, after the bond was given, more than half the time; that it was worth from $7 to $10 per week to board and care for her; that Mr. Kipp had paid Mrs. Weyburn about $90 for taking care of Mrs. Vreeland. There was no testimony given to the effect that the care and support furnished by the claimant to Mrs. Vreeland was at the request of Mr. Kipp, express or implied, or on any express or implied promise of his to pay for the same, other than what appears in the bond.

At the conclusion of the evidence in chief on the part of the claimant, counsel for the executrix moved the court for instruction to the jury that there was no evidence to warrant a verdict in favor of the claimant, and that they should return a verdict for the defendant. This motion was denied. We think this ruling was correct. There was some testimony in the case from which inferences might be drawn proper to charge the estate, and the court could not pass upon that. It would be invading the province of the jury.

The defense then gave testimony tending to show that, for several years previous to Mrs. Vreeland's death, it was worth from $3 to $4 per week to board and take care of her; that Mr. Kipp furnished her with clothing and money when at Weyburn's, and helped to take care of her when sick.

Counsel for the executrix then offered to show by a Mrs. Brock, who had the means of knowing, that Mrs. Vreeland was at Mr. Kipp's a larger portion of the time previous to 1870 than she was at Mr. Weyburn's. This was objected to as incompetent, and the objection was sustained. This was error. The testimony was competent upon the main issue, and, if true, was a defense as far as it would extend.

We do not think the court erred in refusing to direct a verdict at the close of the trial for the defendant, as requested.

Upon the claimant's own theory of the case, if the estate was liable at all, it was for the excess furnished by Weyburn after the date of the bond to the time of Mrs. Vreeland's death. The whole period would have to be included, because, if liable at all, it is by reason of the bond, and if any excess in supplies existed in favor of either party, it would have to be found upon an accounting covering the full period of the bond, and any rulings of

the court to the contrary would, of course, be erroneous; and there are some which we think may be regarded as objectionable upon this ground.

In speaking of the testimony of the claimant as to the amount of support he had furnished to Mrs. Vreeland, the court said:

"His testimony shows that he has furnished it for more than one-half of the time."

So long as the testimony was conflicting upon this subject, and the fact was contested, we think this was error. The jury should have been left to determine that question.

The claimant presented his account at the rate of $3 per week for Mrs. Vreeland's board. The circuit judge told the jury in his charge that they would not be confined to that if they found that the board was worth more.

We think this was error. We know of no reason why a court or jury acting as commissioners on an estate should give a claimant a larger amount than he asks for upon his claim; and yet that is what this jury was left to do, if they saw fit, under the charge of the court.

The following was the defendant's eighth request:

"In the absence of any proof of demand by the claimant for payment, and of any promise to pay interest, no interest can be allowed in this case."

We think this request was proper to be given. If the jury found the facts as therein stated, the proposition of law is the correct one to be applied.

There were several other exceptions taken, and errors upon them assigned, but the occasion for them will hardly be likely to recur upon a retrial of the cause.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.