PHILIP CHARON AND JOSEPH BOURGETT v. THE GEORGE W. ROBY LUMBER COMPANY.

*Logging contract—Refusal of owner to allow completion—Evidence —Submission to jury.*

Plaintiffs contracted with defendant to deliver afloat the timber on a section of land, one-half during a specified winter and spring, no time being fixed for the delivery of the balance. The first half was put afloat and paid for, and no question was raised as to the failure to put in the balance the next winter. Plaintiffs testified that they wanted to complete the contract the third year, but defendant did not then want the logs, and insisted they should not deliver them unless at a rebate in price, but, if they would wait until the next winter, they would receive the full contract price; before which time they notified defendant that they proposed to complete the job the coming winter, but, before they commenced cutting the logs, defendant sold the timber to other parties.

*Held,* that, if plaintiffs' testimony was true, the contract had not been abrogated, and that they had a right to go to the jury upon it.

Error to Mason. (Judkins, J.) Argued April 15 and 19, 1887. Decided May 5, 1887.

Assumpsit.   Defendant   brings   error.   Affirmed.   The
facts are stated in the opinion.

*Wheeler & Bishop,* for appellant.

*Wing & Samuels,* for plaintiffs.

CAMPBELL, C. J.   Plaintiffs sued for damages for the fail-
ure of defendant to allow them to complete a lumbering con-
tract.   The only material question is whether there was tes-
timony to go to the jury of the continued existence of the
agreement.

On October 1, 1882, plaintiffs agreed to get out and deliver
afloat all the pine merchantable timber on section 3, town-
ship 16 north, of range 12 west, at $3.40 a thousand.   One-
half was to be got out during the winter and spring of
1882–83, and no time was set for the rest.   The first half
was got out and paid for.

The winter of 1883–84 was passed without any dispute as
to the propriety of the delay.   The dispute arises chiefly on
the winter of 1884–85.   Defendant claims that a new agree-
ment was made for that winter at a lower rate, which was
$3.10 per thousand, which superseded the original contract
entirely, and which was not carried out.   Plaintiffs claim that
this was merely provisional.   Their version is that they
wanted to complete the contract in 1884–85, but that defend-
ant did not want the lumber then, and insisted that they
should not deliver it unless at a rebate of 30 cents, but that,
if they would wait till the next winter, they would get the
full contract price.   Upon this the testimony conflicts.
Before the winter of 1885–86, plaintiffs, as they claim, upon
inquiry as to their purpose, notified defendant they proposed
to complete the work.   Defendant, before the plaintiffs
attempted to go in and cut the logs, sold the timber to
other parties.

We think there is no doubt that, if plaintiffs' version of

the facts is true, the contract had not been abrogated, and they had a right to insist upon it. We think there was testimony enough to go to the jury, and that the contention of defendant's counsel, that there was a mere *scintilla*, of such a character as to amount to nothing, is not correct. We cannot weigh testimony, but we consider the testimony on plaintiffs' side as distinct, and sufficient to go to the jury, who seem to have acted on it.

Some question was made as to the admission of evidence tending to show the cost of lumbering and supplies during various winters, for the purpose of getting at the loss of profits. This testimony did not furnish by itself the means of figuring up results, and the balance was evidently reached by a more general showing of the cost of lumbering. We do not think the testimony was irrelevant, although it does not appear to have been of much consequence.

We think there is no error in the record, and the judgment should be affirmed.

The other Justices concurred.