## CHICAGO, R. I. & P. RY. CO. v. FELDER.

No. 6451.   Opinion Filed January 25, 1916.

Rehearing Denied March 7, 1916.

(155 Pac. 529.)

1.  **MASTER AND SERVANT—Injury to Servant—What Law Governs—Matters Determinative—Question for Jury.** Whether an action by an employee for damages for personal injuries arises under and is protected by the federal Employers' Liability Act (April 22, 1908, 35 Stat. L. 65 [U. S. Comp. St. 1913, secs. 8657-8665]), or by the local law, does not depend solely upon the allegations of the petition, but is determined by the character of the employment at the time of the accident, and whether the work in which the employee was, at the time, engaged was a part of the interstate commerce in which the carrier was employed, and if the evidence as to this is in conflict, it may be a question for the jury. C., R. I. & P. Ry. Co. v. Bond, 47 Okla. 161, 148 Pac. 103.

2.  **MASTER AND SERVANT—Negligence—Question of Law—Question of Fact.** In cases involving the question of negligence, the rule is now settled that, "When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury It is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence is ever considered one of law for the court."

(Syllabus by Galbraith, C.)

*Error from District Court, Jefferson County;
Frank M. Bailey, Judge.*

Action by S. P. Felder against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*R. J. Roberts, C. O. Blake, W. H. Moore, J. G. Gamble, and K. W. Shartel,* for plaintiff in error.

*Bridges & Vertrees,* for defendant in error.

Opinion by GALBRAITH, C.   This was an action for personal injuries.   From a judgment in favor of the defendant in error, the railroad company appeals, and assigns errors as follows:   (1) In denying the motion for an instructed verdict.   (2) Erroneous instructions given by the court to the jury.   (3) The admission of incompetent evidence.

It is alleged in the petition that the defendant in error, Felder, was employed by the railway company as hostler's helper, at Waurika, Okla.; that while in the discharge of his duties as an employee he fell from the platform to the brick pavement at the bottom of the turntable, a distance of six or eight feet; and as a result received serious, painful, and permanent injuries to his back, spine, ribs, side, and lungs.   The acts of negligence charged against the railroad company were the failure to furnish a reasonably safe place to work, in this: That the platform constructed along the tracks across the turntable, and upon which it was necessary for plaintiff to walk in the discharge of his duties, was too narrow, in that it was about three feet wide, and had no guard rail around it, and that the lights at either end of the roundhouse intended to light up the platform and turntable where he was at work had been removed, and that the absence of the lights at the time of the injury, and the platform not being protected by a guard rail, were the proximate causes of the accident and of his injury.·

The answer of the railway company was a general denial, and the separate defenses of contributory negligence and assumption of risk and hazard by the plaintiff.

It appears from the record that it was the duty of the hostler to coal and water the engines, and it was the duty of his assistant to help and assist at the turntable;

that the turntable where the accident occurred was 75 feet in diameter; that the platform from which he fell was three feet, nine inches from the track to the edge; that this platform was on either side of the track, and that it was not protected by a guard rail; that the turntable was operated by air, and that the distance from the platform to the bottom of the turntable where the plaintiff fell was six feet, six inches; that the accident happened about 11 or 12 o'clock at night; that the night was dark and rainy; and that the posts on either side at the center of the turntable had a green and red light on them, to enable the hostler to spot the engines, and there were no other lights in the roundhouse or around the turntable, except the lantern which defendant in error carried; that ordinarily there were other lights, one at either end of the roundhouse about 60 feet away, that threw light over and across the turntable, but these lights on the night of the accident had been taken down and were in use on the switch engines while the switch engine lights had been sent away for repair.

The defendant in error testified that the accident occurred in the following manner:

"Q. On the night of the 16th of December you had an accident? A. Yes, sir. Q. At the time you say this accident occurred, state to the jury just how it occurred, just what took place at the time this injury and accident occurred. A. I spotted the engine on the table, the hostler stopped it, and I gave him the signals, and when he spotted the engine I connected the hose to the engine. We generally got the air from the stationary engine, but they had filled the stationary engine, and we had to use the air from the road engine. Q. What do you mean by connecting to the hose? A. Connected up the hose to apply the air to the turntable. Q. What did you connect the

hose to? A. To the hose on the front of the engine, and I connected up the hose and I had my lantern on my arm, it gives a dim light. Q. Colored lantern? A. No, sir; white lantern. I started to cut the air in; the steam shift was back behind the engine, and I started to cut the air on the engine, and I stuck my lantern up to see where the stop was, and I seen I was not quite to it, and I made another step to get to it; and I stepped off of the platform and fell down in the pit."

It is contended by the plaintiff in error, in support of its first assignment, that the court erred in refusing to direct a verdict for it, for the reason that there was no evidence of primary negligence on the part of the railway company, and that this was a question of law for the court, and that the court should have so determined and given the request for the instructed verdict. In support of this position it is contended that the claim for injuries is made under, and is controlled by, the federal Employers' Liability Act of April 22, 1908 (35 Stat. L. 65); that under this act the defense of assumption of risk as it existed at common law is available to the defendant, notwithstanding the provision of the Oklahoma Constitution to the contrary, and that the question of assumption of risk became one of law for the court; that it is set out in the petition that the railway company was engaged in interstate commerce in transporting passengers and freight for hire through and across the State of Oklahoma; and that in carrying on its business it was necessary to maintain and operate a roundhouse and turntable at Waurika. However, this position is denied by the defendant in error. While the allegations of the petition, as above set out, are admitted, still it is contended that this is not conclusive on the question of whether the right is claimed under the federal Employers' Liability Act or under the

state law; that this question is not determined by the allegations of the pleadings, but depends upon the character of the employment at the time of the accident; that the case was not tried in the lower court upon the theory that the claim was made under the federal statutes, and that no such claim was made in the trial court, and that this position is assumed for the first time by the plaintiff in error in this court; that there is no testimony in the record that shows that the engine that was upon the turntable at the time of the accident was engaged in, or had been engaged in, just prior to that time, or was about to be engaged in, interstate commerce; that on the contrary, the record clearly shows that this engine was from the local freight train and had made a trip from El Reno to Waurika on the day of the accident. A witness for the railroad, who testified about this engine, identifying it as the engine of the local freight, testified further as follows:

"Q. Did that bring loaded cars from the North? A. Yes, sir; principally merchandise cars that are unloaded along the line. Q. The purpose of the local was to pick up the loaded cars at El Reno and pick them up and put them at different towns along the line? A. Yes, sir; and if there is freight to be unloaded they pick that up and bring it into the terminal here. Q. Were any of these cars picked up by the local freight destined for points south of that place? * * * A. I cannot say as to whether there was or not. But there usually are cars in the local that go farther south than here. Q. To Ft. Worth and other places? A. Yes, sir. Q. On this line? A. Yes, sir."

The test as to whether the claim for injury may be prosecuted under the federal act or not was determined by this court in *C., R. I. & P. Ry. Co. v. Bond*, 47 Okla. 161, 148 Pac. 103, and it was there held that the deciding factor is, "Was the work in question a part of the inter-

state commerce in which the carrier is engaged?" and that the defendant was entitled to have the jury say whether at that time it was engaged in interstate commerce. See *Seaboard Air Line Railway v. Koennecke, Adm'r,* 239 U. S. 352, 36 Sup. Ct. 126, 60 L. Ed. 324. In the instant case there was no evidence that the engine around which the defendant was working at the time of the accident had been or was about to be used in interstate commerce. The evidence was that it was the engine of the local freight, and while it might have pulled some cars destined for points beyond the state line, there was no evidence that it actually did so. Therefore, there was no question for the jury on that point in this case, and it cannot for the same reason be contended that the claim sued for arose under, or was controlled by, the federal Employers' Liability Act.

We conclude from the foregoing that the defenses of contributory negligence and assumption of risk and hazard were not questions of law for the court, but were questions of fact for the execlusive determination of the jury (article 23, sec. 6, Oklahoma Const.), provided there was evidence of primary negligence on the part of the plaintiff in error. The rule in this jurisdiction in cases involving negligence is, when a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the question must be submitted to the jury. It is only where the facts are such that reasonable men must draw the same conclusion from them that the question of negligence is considered one of law for the court. *M., K. & T. R. Co. v. Shepherd,* 20 Okla. 626, 95 Pac. 243; *St. L. & S. F. R. Co. v. Loftis,* 25 Okla. 496, 106 Pac. 824; *Harris v. M., K. & T. R. Co.,* 24

8—56

Okla. 341, 103 Pac. 758, 24 L. R. A. (N. S.) 858; *Sans Bois Coal Co. v. Janeway*, 22 Okla. 425, 99 Pac. 153; *Mean v. Callison*, 28 Okla. 737, 116 Pac. 195.

There is little dispute as to the evidence in this case as to things that are charged as negligence on the part of the railway company. There is no dispute about the construction of the platform along the tracks over which the employees of the company were required to pass in the performance of their duties, and that the same was constructed without a guard rail, and it is not denied that the two lights on either end of the roundhouse that were placed in order to throw light upon the turntable were not there at the time of the accident. Now the fact of the construction of this walk without a handrail, and the absence of the lights at the time of the accident, although the defendant in error had a lantern on his arm, are facts about which reasonable men might differ, as to whether or not they constituted negligence. We are therefore constrained to hold that there was sufficient evidence of primary negligence to take the question to the jury. It was therefore not error for the court to deny the peremptory instruction for the plaintiff in error.

Exceptions to two instructions that the court gave to the jury are urged under the second assignment. The first is instruction No. 6, in which the court told the jury that if the injuries of the plaintiff were occasioned or contributed to by any acts of negligence or fault on his part, then he was guilty of contributory negligence, and they should find for the defendant. This instruction is in the usual form, and is a fair statement of the rule of contributory negligence.

Objection is made to instruction No. 3. The objection made to this instruction is that it submits to the jury

in giving them the measure of damages, if they should find for the plaintiff, the "impairment of his future earning capacity resulting from his injuries, if any"; it being contended that there was no evidence of permanent injury, and that therefore this element was improperly submitted to the jury. The record does not show that counsel for the railway company requested an instruction on this point in a form satisfactory to them. It does show that when the exception was made to the instruction at the time it was given, the court asked the counsel what objections they had to it, and counsel made no reply. It is sufficient to say that there was some evidence, although slight, of permanent injury sustained by defendant in error, and this element of damages, as set out in the instruction, was not outside of the issues made by the pleadings and evidence. The exception to the instructions should therefore be overruled.

It is also objected that the court erred in admitting evidence over the objection of the plaintiff in error as to the condition of the platform along the rails across the turntable at a time long prior to the accident; that is, that the defendant in error was permitted on cross-examination to show by a witness that the platform, at a time for more than a year prior to the accident, had been wider than it was at the time of the accident. It is not clear that this testimony was incompetent, inasmuch as it was brought out on cross-examination of a witness produced by the railway to show his familiarity with the platform on the turntable at the time of the accident, and he testified that the platform had been the same for a year or more prior to that time. This testimony may have been competent to test the credibility, as well as the knowledge, of the witness, although it does not seem to be particularly relevant

to the issues being tried.  In any event its admission does not appear to have been prejudicial.

This case seems to have been properly submitted to the jury upon proper instructions as to the law arising upon the issues made by the pleadings and the evidence, and there is evidence to sustain the verdict of the jury.

We therefore recommend that the judgment appealed from be affirmed.

By the Court:  It is so ordered.