## ST. LOUIS & S. F. R. CO. v. JONES.

No. 10,671—Opinion Filed May 4, 1920.

(Syllabus by the Court.)

1. **Negligence—Elements of Actionable Negligence.**

To constitute actionable negligence, where the wrong is not willful and intentional, three essential elements are necessary: (1) The existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) failure of the defendant to perform that duty; and (3) injury to the plaintiff proximately resulting from such failure.

2. **Same—Evidence—Question for Jury.**

Where the evidence on the primary negligence of the defendant is such that reasonable and intelligent men might differ as to the facts and inferences to be drawn therefrom, the case is one for the jury.

3. **Railroads—Duty to Watch for Persons on Track—Liability for Injuries.**

It is a sound and wholesome rule of law, humane and conservative of human life, that, without regard to the question whether the person who was killed or injured in the particular case was or was not a trespasser or a bare licensee upon the track of the railway company, the company is bound to exercise special care and watchfulness at any point upon its track where people may be expected upon the track in considerable numbers, as where the roadbed is constantly used by pedestrians. At such places the railway company is bound to anticipate the presence of persons upon the track, to keep a reasonable lookout for them, to give 'warning signals, such as will apprise them of the danger of an approaching train, to moderate the speed of its train so as to enable them to escape injury; and a failure of duty in this respect will make the railway company liable to any person thereby injured, subject, of course, to the qualification that his contributory negligence may bar a recovery.

4. **Negligence — Contributory Negligence — Question for Jury.**

Under art. 23, sec. 6, of the State Constitution, the defense of contributory negligence is at all times a question of fact for the jury, and the court should not instruct the jury that a certain fact or circumstance or a given state of facts or circumstances do or do not constitute contributory negligence.

5. **Railroads—Action for Injuries to Person on Track—Instructions.**

Instructions examined, and found that no material or prejudicial error has been committed therein.

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action for personal injuries by Aaron Jones against the St. Louis & San Francisco Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

W. F. Evans, R. A. Kleinschmidt, and Fred E Suits, for plaintiff in error.

Twyford & Smith, for defendant in error.

JOHNSON, J. This suit was commenced by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, in the district court of Oklahoma county, on January 16, 1918, for the recovery of damages in the sum of $3,000; and upon a trial thereof to the court

and jury resulted in a verdict in favor of the plaintiff in the sum of $1,500.

The defendant filed a timely motion for a new trial, which was overruled by the court and a judgment rendered upon the verdict of the jury, to reverse which this proceeding in error was regularly commenced in this court by petition in error filed by the plaintiff in error on June 9, 1919, with case-made attached. The assignments of error are:

"1. Error in overruling the defendant's demurrer to the plaintiff's evidence;

"2. In overruling defendant's request for a peremptory instruction;

"3. Verdict is not sustained by sufficient evidence;

"4. Is contrary to law;

"5. Excessive damages appearing to have been given under the influence of passion and prejudice;

"6. In admitting certain evidence over objection of the defendant;

"7. In refusing to admit certain evidence offered by defendant;

"8. Errors of law occurring at the trial and excepted to by the defendant;

"9. Error of the court in giving to the jury instructions Nos. 1 to 8, inclusive;

"10. Refusing to give defendant's requested instructions Nos. 1 to 12, inclusive.

"11. In overruling defendant's motion for a new trial."

Counsel for defendant in error discuss in their brief the first four assignments of error, wherein they say:

"These assignments of error present the questions (1) of the sufficiency of the plaintiff's evidence to warrant the submission of the case to the jury, and (2) whether under all the evidence plaintiff is entitled to recover"

—and we think a consideration of these propositions is sufficient to dispose of this appeal.

The allegations in the plaintiff's petition and his evidence in support thereof in substance showed about the following situation: The plaintiff lived south of what is known as the Robinson street and Frisco crossing within Oklahoma City, and Robinson is the only street open between Capitol Hill and the city proper. This was a very busy and much used crossing. The plaintiff had lived near and used the same very frequently, as often as twice a day for a number of years. The crossing was blocked by the railway company very often; the crossing was blocked in violation of the 5-minute city ordinance and it was customary for pedestrians to go west, around the blockade, and the railway company's watchman, at times, "motioned them around," and in going around, a worn and well beaten path was made. According to the plaintiff, this path had been in use for a number of years, and it had been the custom to go around the blocked crossing during that time. Witness Schott said that he had been using the crossing four or five years, and that it was blocked often during that time; that there was a path there in use by those going around, and that the flagman did nothing to prevent the use of the path. According to witness Hodges, the flagman "would tell the people to go around the train when blocked." He lived there six years and used the crossing every day, and there was a path there used by pedestrians going around the blocked crossing, and "the flagman motioned them to go around," and the crossing was blocked from five to 25 minutes many times. The path was west of the crossing and used by the persons going around, and the path then led diagonally across the several tracks back to Robinson street.

The plaintiff, on the date of the injury, went to the crossing, found it blocked, and waited seven or eight minutes, and then followed the path west and north, and while in the path on one of the tracks was struck by a moving car from the west, and no warning of any kind was given him and no employe was on the end of the moving car. "Q. As I understand you, you came up to this train and it was blocked down there, and then you went west two car lengths, and then you went around the train following this path, and while you were following that path some train bumped and hit you from the west? A. Yes. Q. But you do not know that it was a Frisco train?" Dr. Lankford testified that the plaintiff had a permanent crooked neck caused from ankylosis, caused by the injury.

The defendant, as a defense, alleged that the plaintiff was a trespasser in the yards of the defendant at the time, and the defendant owed him no duty except not to injure him willfully and wantonly, and to exercise ordinary care to prevent injuring him after discovering his peril.

We have carefully examined the record and read the briefs of counsel, and we think this case comes clearly within the rule an-

nounced by this court in the case of M., K. & T. R. Co. v. Wolf, 76 Okla. 195, 184 Pac. 765, which is stated in paragraph 3 of the syllabus, as follows:

"It is a sound and wholesome rule of law, humane and conservative of human life, that, without regard to the question whether the person killed or injured in the particular case was or was not a trespasser or a bare licensee upon the track of the railway company, the company is bound to exercise special care and watchfulness at any point upon its track where people may be expected upon the track in considerable numbers, as where the roadbed is constantly used by pedestrians. At such places the railway company is bound to anticipate the presence of persons on the track, to keep a reasonable lookout for them, to give warning signals, such as will apprise them of the danger of an approaching train, to moderate the speed of its train so as to enable them to escape injury; and a failure of duty in this regard will make the railway company liable to any person thereby injured, subject, of course, to the qualification that his contributory negligence may bar a recovery." M., O. & G. R. Co. v. Wilhelm, 52 Okla. 317, 152 Pac. 1088, L. R. A. 1916C; St. Louis & S. F. R. Co. v. Hodge, 53 Okla 427, 157 Pac. 60; Felton v. Aubreym, 74 Fed. 250, 20 C. C. A. 436.

The record presents no reversible error. The defendant's witnesses, several in number, flatly contradict the plaintiff and his witnesses as to there being a well-beaten path at the points located by the plaintiff's evidence, and the custom that prevailed of pedestrians following that path around cars standing across the street, and that the defendant's watchmen at the crossing motioned them around. The law is well settled in this jurisdiction that under such circumstances it was a question of fact for the jury to determine, under proper instructions from the court, the questions of primary negligence of the defendant as well as the contributory negligence of the plaintiff.

The questions were properly submitted to the jury under instructions which correctly stated the law that was applicable, and under the rules of this court the verdict is conclusive upon this court and will not be disturbed. Littlejohn v. Midland Valley R. Co., 47 Okla. 204, 148 Pac. 120; New York Plate Glass Ins. Co. v. Katz, 51 Okla. 713, 152 Pac. 353; C., R. I. & P. R. Co. v. Felder, 56 Okla. 220, 155 Pac. 529; C., R. I. & P. R. Co. v. Schands, 57 Okla. 688, 157 Pac 549.

The judgment of the trial court is affirmed.

RAINEY, C. J., and HARRISON, PITCHFORD, McNEILL, HIGGINS, and BAILEY. JJ., concur.