BURT *v.* DETROIT, GRAND HAVEN & MILWAUKEE RAIL-
WAY CO.

1. Trial—Directed Verdict.
Verdict may not properly be directed where evidence presents
issue of fact.

2. Same—Reserved Motion to Direct Verdict.
Decision of reserved motion to direct verdict is but decision as
on motion to direct verdict.

3. Railroads—Public Crossing—Warning—Statutes.
Where path across railroad tracks is not public crossing, statute
requiring signals for public crossing is not applicable, al-
though pedestrians in considerable numbers use it as though
it were public crossing (2 Comp. Laws 1929, § 11181).

4. Trial—Negative as Against Positive Testimony.
In action by boy struck by train while crossing railroad tracks,
purely negative testimony of not hearing bell ringing, as
against positive testimony that it was ringing, raised no issue
of fact.

5. Railroads—Path Across Tracks—Duty to Use Reasonable
Care—Licensees.
Railroad company was bound to anticipate that persons might
be on tracks at place commonly used as crossing by pedes-
trians, although it was not public crossing, and to operate its
trains with reasonable care to avoid injury to such licensees.

6. Same—Pushing Cars Across Path Without Lookout—Negli-
gence.
In action by boy struck by train while crossing railroad tracks,
testimony that at time of accident, long line of cars, without
lookout, was being pushed across path where many persons
were accustomed to cross tracks, *held,* to present issue of fact
as to railroad company's negligence in that regard.

7. Appeal and Error—Pleading—Proof—Last Clear Chance.
Submitting case to jury on theory of last clear chance, which
was without both pleading and proof, was reversible error.

8. SAME—CONTRIBUTORY NEGLIGENCE—INSTRUCTION.

> Where, under plaintiff.'s own somewhat contradictory testimony, question of his contributory negligence was for jury, it was reversible error to instruct jury that plaintiff, on his contention of facts, was not guilty of contributory negligence.

Appeal from Wayne; Toms (Robert M.), J. Submitted January 12, 1933. (Docket No. 121, Calendar No. 35,987.) Decided March 2, 1933.

Case by Lawless Burt, by his guardian, against Detroit, Grand Haven & Milwaukee Railway Company, a corporation, for personal injuries received while crossing defendant's tracks. Judgment for defendant notwithstanding verdict for plaintiff. Plaintiff appeals. Reversed, and new trial granted.

*Edward N. Barnard,* for plaintiff.

*H. V. Spike,* for defendant.

CLARK, J.   Plaintiff, a boy eight years and four months old, possessed of all his faculties, bright and intelligent, familiar with the place and knowing the danger, attempted to cross the railroad tracks of defendant, and was struck and injured by a train.

The railroad tracks are on the line between the cities of Detroit and Hamtramck, and run north and south. Woodland street of Detroit ends at the right-of-way, and nearly opposite, and on the east side of the right-of-way, Woodland street of Hamtramck begins. The right-of-way occupied by several tracks between the two ends of the streets is right-of-way, not street. However, in this thickly populated district, pedestrians, for a long time, and in very considerable numbers, have crossed the tracks almost as though the streets were continuous. The record

is that defendant has passively suffered the practice, perhaps being powerless to prevent it.

In plaintiff's behalf there was some testimony that he and his younger sister were on their way to school at noon; that, leaving his sister on the west side of the right-of-way, he crossed to the east side to see if it was safe to cross; that a train passed; that, when about to return, he saw some cars to the south, did not notice that they were moving; that he started back, and when he reached the second or third tracks he saw the cars almost upon him; that he attempted to escape, fell, and the cars cut off a leg. There is some further testimony that the cars were being pushed ahead of the locomotive, 33 to 35 cars in the train with the locomotive near the middle of it, and that there was no lookout at the head of the train. There is a bit of testimony that the whistle was not sounded, and some purely negative testimony that the bell was not ringing. On the other hand, defendant had testimony of employees and convincing testimony from disinterested witnesses to the effect that the locomotive was at the head of the train and that the boy was beside the moving train attempting to hook cars, and that he thus fell and was injured. There was further testimony that the boy was injured by a certain car wheel well back in the train; that the bell was ringing and that proper lookout was kept. The declaration counts upon so-called ordinary negligence as distinguished from last clear chance. Plaintiff had verdict, and, upon decision of a reserved motion to direct, defendant had judgment. Plaintiff has appealed. Defendant has also assigned errors for consideration in case the order of the trial court of judgment notwithstanding the verdict be not sustained.

Although the motion is for judgment notwithstanding the verdict, not for new trial, one of the grounds is that the verdict is against the great weight of the evidence. Conceding that it should be so held, the matter cannot be here decisive. The weight of authority no doubt is that there is no object in permitting a jury to find a verdict which the court would set aside as soon as found. 38 Cyc. p. 1572. But this court, in common with courts of some other jurisdictions, adheres to the rule that a verdict cannot be directed properly where the evidence presents an issue of fact. *Charon* v. *George W. Roby Lumber Co.,* 66 Mich. 68; *Weyburn* v. *Kipp's Estate,* 63 Mich. 79, are but two of the many cases which might be cited. And the decision of the reserved motion to direct is but a decision as upon motion to direct. *Yacobian* v. *Vartanian,* 221 Mich. 25.

As the path across the tracks was not a public crossing, the statute (2 Comp. Laws 1929, § 11181), requiring signals for public crossings, is not applicable. *Lepard* v. *Railroad Co.,* 166 Mich. 373 (40 L. R. A. [N. S.] 1105) ; note : 66 A. L. R. 819.

The purely negative testimony of not hearing the bell ringing as against positive testimony that it was ringing raised no issue of fact. *Hinderer* v. *Railroad Co.,* 237 Mich. 232 (26 N. C. C. A. 871). But defendant was bound to anticipate that persons might be on the tracks at the place in question and that the train could not be operated upon the presumption that the tracks were clear. *Hoover* v. *Railway Co.,* 188 Mich. 313. It was its duty to operate its trains with reasonable care to avoid injury to such licensees. *Risbridger* v. *Railroad Co.,* 188 Mich. 672; *Huggett* v. *Erb,* 182 Mich. 524 (Ann. Cas. 1916 B, 352) ; *Doyle* v. *Portland R. L. & P. Co.,* 71 Ore. 576 (143 Pac. 623, 8 N. C. C. A. 146) ; *St. Louis*

*& S. F. R. Co.* v. *Jones,* 78 Okla. 204 (190 Pac. 385, 16 A. L. R. 1048) ; 52 C. J. p. 554.

Testimony in behalf of plaintiff that cars, perhaps 16 or more, without lookout, were pushed by the locomotive across the path where very many persons were accustomed to cross, as against evidence for defendant, made an issue of fact of defendant's negligence in that regard. *Smith* v. *Railroad Co.,* 136 Mich. 224; *Green* v. *Railway Co.,* 110 Mich. 648 (12 Am. Neg. Cas. 128).

It follows that judgment notwithstanding the verdict ought not to have been ordered.

Turning to defendant's assignments, we find reversible error in submitting to the jury a theory of recovery upon doctrine of last clear chance which was without both pleading and proof, as the trial judge states in an opinion filed.

It was also reversible error to instruct that plaintiff on his contention of facts was not guilty of contributory negligence, as that question, under plaintiff's own somewhat contradictory testimony as to looking and being watchful, was for the jury.

Other questions are not likely to arise again. Reversed, without costs. New trial granted.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.